**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

NICO CearGeo,

Plaintiff,

v.

DENNIS QUAN, et al.,

Defendant.

Civil No. 00-1034 ADM/AJB

**ORDER ON MOTIONS**

---

The above matter came before the Court on Defendants' Motions to Quash Subpoenas. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT**:

1. As to all subpoenas dated July 14, 2000, directed to Ogbazghi Sium, John Linc Stine, Kent Lokkesmoe, Joe Gibson, Thomas Lutgen, Mary O'Neill and Barb Weber, State Defendants' Motion to Quash is **granted** [Docket No. 17];
2. As to the subpoenas, dated July 14, 2000, directed to Dennis Quan and the Federal Emergency Management Agency (FEMA), the Motion to Quash is **granted in part and denied in part** [Docket No. 16].
3. On or before September 1, 2000, Defendant FEMA shall produce, and allow Plaintiff to inspect and copy, documents in its possession/custody/control that relate to Defendant Quan's federal employment during the relevant time period, limited to documents concerning Defendant Quan's job description/title/duties or documents that relate to any agreement between the United States of America and

FILED AUG 09 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

the State of Minnesota in reference to Defendant Quan. Said documents may be redacted to delete private information, including but not limited to Defendant Quan's social security number, home address, salary or benefits.

4. To the extent that the subpoena directed to Defendant FEMA requests material or information beyond that which has been ordered immediately above, the subpoena is quashed.

5. The subpoena dated July 14, 2000, directed to Defendant Quan, is quashed.

6. On or before September 16, 2000, Plaintiff and Federal Defendants shall submit to the trial court, any additional briefs, affidavits, or documentary evidence on the relevant issues involved in the Motion for Substitution.

7. The decision as to whether a hearing will be conducted on Federal Defendant's certification motion shall be determined by the trial court following the parties' submission of the additional briefs, affidavits or documentary evidence as set forth above.

Dated: 8/8/00

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Pursuant to 28 U.S.C. § 2679(d), Federal Defendants moved to substitute the United States of America as sole defendant of the tort allegations in the above-captioned action. In support of this motion, counsel for Federal Defendants drafted a certification contemplated by 28 U.S.C. § 2679(d) ("<u>Westfall</u> certification"). Plaintiff has issued several subpoenas for the

purpose of gathering information in preparation for opposing the Motion for Substitution. It is apparent after reading the subpoenas that Plaintiff is looking for evidence to contest the assertion that the alleged conduct of Defendant Quan occurred within the scope of his federal employment. Both the State and Federal Defendants have moved to quash the subpoenas.

With respect to the Motion for Substitution, Federal Defendants concede that the Westfall certification may be reviewed. However, they argue that Plaintiff must first come forward with evidence rebutting the Westfall certification before Plaintiff is entitled to any discovery. This would require Plaintiff to come forward with evidence rebutting the assertion that the alleged conduct by Defendant Quan occurred within his federal employment. However, although the cases cited by Federal Defendants lend support for their position, they do not lay down a bright-line rule forbidding all discovery before any review of the certification. Moreover, it is unreasonable to insist that Plaintiff address the issue of Defendant Quan's scope of employment, if Plaintiff (as he has indicated) does not know or fully understand the scope of that employment.

The Court concludes that Plaintiff is entitled to limited discovery for the purpose of learning the scope of Mr. Quan's employment. Defendant FEMA shall produce documents as ordered above.