UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NICO CearGeo,

Plaintiff,

vs.

Dennis Quan; Ogbazghi Sium; John Lino Stine; Kent Lokkesmoe, Joe Gibson, Sarah Tufford, Minnesota Department of Natural Resources - DNR Waters, Minnesota Department of Natural Resources - Division of Waters, Minnesota Department of Natural Resources, Ronald Sherman, Federal Emergency Management Agency,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1034 ADM/AJB

---

NICO CearGeo, pro se, Saint Paul, Minnesota, for the Plaintiff.

Patricia R. Cangemi, Esq., Assistant United States Attorney, for and on behalf of the Defendants.

---

## I. INTRODUCTION

Plaintiff NICO CearGeo ("CearGeo") has sued various people, government agencies and officials for violating the Minnesota Freedom From Violence Act. Minn. Stat. § 1.50; Minn. Stat. § 15.86. The United States Government, on behalf of the Defendants Dennis Quan ("Quan"), Ronald Sherman ("Sherman") and Federal Emergency Management Agency ("FEMA"), has brought this motion to substitute the federal government as the sole defendant in this pending action pursuant to 28 U.S.C. § 2679 [Docket No. 8]. For the reasons set forth below, the motion is granted.

SEP 29 2000
FILED
FRANCIS E. DOSAL CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

## II. BACKGROUND

CearGeo alleges that on July 26, 1999, he was battered and threatened by Quan while installing components on Minnesota Department of Natural Resources computers. CearGeo's complaint was originally filed in Minnesota state court and was removed to this Court. Quan, Sherman and FEMA now seek to substitute the federal government as the sole defendant. On June 19, 2000, the Acting United States Attorney for the State and District of Minnesota, Lynn A. Zetner, filed a certificate with this Court in accordance with 28 U.S.C. § 2679 finding that Quan and Sherman were acting within the scope of their federal employment at the time of the alleged incident.

## III. DISCUSSION

### A. Analysis

In 1988, Congress fortified immunity protection for federal employees by amending the Federal Tort Claims Act. *See* 28 U.S.C. § 2679. These additions have been dubbed the Westfall Act because they were a reaction to the Supreme Court case of *Westfall v. Erwin*, 484 U.S. 292, 300 S.Ct. 580 (1988). *See Anthony v. Runyon*, 76 F.3d 210, 213-14 (8th Cir. 1996). The Westfall Act specifies that the only way to recover from someone acting within the scope of their federal employment is to sue the United States Government. *See* 28 U.S.C. § 2679(:)(1). Under the act, if the United States Attorney General determines that a lawsuit against a federal employee arose within the scope of their federal duties, the Attorney General may file a Certification of Scope of Employment, attesting that the employee was engaged in their federal employment at the time of the incident. *See* 28 U.S.C. § 2679(d)(2); *Anthony*, 76 F.3d at 213. After filing the certification, a defendant may make a motion to substitute the United States in place of the federal employee.

*See id.*

If the certification is challenged by the plaintiff, the district court must conduct its own examination of the evidence and determine for itself whether or not the defendant was "in fact acting within the scope of his or her employment." *Anthony*, 76 F.3d at 213 (citing *Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 434-35, 115 S.Ct. 2227, 2236 (1995)). Although a Westfall certificate is not irrefutable on the issue, it constitutes prima facie evidence that the defendant's actions were in the scope of their employment. *See id.* at 213. Accordingly, once a certificate has been presented, the plaintiff has "the burden of coming forward with specific evidence in rebuttal" that the defendant was not working within the scope of his or her federal employment. *Id.* at 214. An evidentiary hearing in the district court is not always necessary when making a Westfall substitution decision. *See id.* However, a court must reject the substitution upon a finding that the defendant employee was acting outside the scope of his or her employment. *See id.* at 213.

As aforementioned, a Certification of Scope of Employment for Quan and Sherman has been filed and Quan and Sherman have brought this motion to substitute the United States Government as sole defendant in their place. Because the Westfall certification is prima facie evidence that both Quan and Sherman were acting in the scope of their federal employment at the time of the alleged incident, CearGeo must come forward with evidence rebutting that claim. *See id.* at 213-14.

CearGeo's evidence challenging Quan's substitution fails to rebut the United States' prima facie showing that Quan was acting within the scope of his federal employment at the time of the alleged incident. CearGeo avers that Quan was not a federal employee because: (1) his

assignments were temporary and without certain employment benefits; (2) he held various titles while working with FEMA; (3) months before the incident Quan had time sheets signed by a Minnesota Department of Resources supervisor; (4) he made unauthorized changes to his work computer; and (5) he gave himself authority to use another person's work computer. These suppositions are insufficient to refute that Quan was acting outside the scope of his federal employment at the time of the alleged occurrence. CearGeo has not satisfied his burden of presenting evidence to rebut the prima facie case that Quan was working within the scope of his employment. Because CearGeo has not challenged the substitution of Sherman and FEMA, this Court need not inquire into whether or not the United States should be substituted in their place. *See Anthony*, 76 F.3d at 213. Therefore, the United States' Motion for Substitution is granted.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Defendants' Motion for Substitution is **GRANTED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: September 29, 2000